## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PYRAMID EMPLOYER SERVICES,**
**et al.,**

      **Plaintiffs,**

**v.**                                                                 **Case No. 8:05-CV-1646-T-23EAJ**

**WILLIAM COLTON COILE, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court are four motions to dismiss: **Defendant Thomas F. Garth's Motion to Dismiss First Amended Complaint** (Dkt. 29), **Defendant Robert Cano's Motion to Dismiss Amended Complaint** (Dkt. 35), **Defendant Terry Rathbun's Motion to Dismiss Amended Complaint** (Dkt. 36), **Defendant Richard Standridge's Motion to Dismiss Amended Complaint** (Dkt. 37), and Plaintiffs' responses thereto (Dkts. 34, 38, 39 & 40).[1]

## I.     BACKGROUND

Plaintiffs Pyramid Employer Services, f/k/a Pyramid Diversified Services, Pyramid Employer Services, Inc, d/b/a Pyramid Employer Services, d/b/a Pyramid Staffing, and Andrew H. Dyndul (hereinafter "Plaintiffs") were, at all times relevant to this litigation, operating as a Professional Employer Organization ("PEO") located in St. Petersburg, Florida.[2] (Dkt. 23 at 6). A

---

[1] These matters have been referred to the undersigned by the district judge for consideration and a Report and Recommendation. (Dkt. 43). See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

[2] Andrew H. Dyndul is the sole owner of Pyramid Diversified Services and Pyramid Employer Services. (Dkt. 23 at 2).

PEO is an "employee-leasing company" which nominally employs workers of third-party companies who are then leased back to the third-party company through leasing agreements.  The employee-leasing arrangement allows the PEO to provide the workers with employee benefits such as Workers Compensation insurance at a reduced cost to the third-party company.  The PEO then arranges to insure the employees for Workers Compensation or for other benefits.

Beginning in 1999, Plaintiffs procured Workers Compensation coverage through the insurance agency of Coile & Associates, a Defendant in the current action.[3]  Defendant Coile & Associates offered and sold Workers Compensation insurance coverage to PEOs, and did so for the policy at issue.  In June 2001, Coile & Associates changed providers of Workers Compensation insurance.  Plaintiffs allege that the new underwriter, Defendant Regency Insurance of the West Indies, Ltd. ("Regency"), was not a registered and lawful insurance carrier and was not a certified or legitimate carrier for Workers Compensation insurance coverage.  Defendant Garth is an attorney who gave part of the sales presentation for the Regency insurance to Plaintiffs in June 2001.  Defendant Eoscomp is the third-party administrator retained to handle claims made on the policy.  Defendant Robert Cano is a vice president at Eoscomp, Defendant Terry Rathbun is a claims adjuster for Eoscomp, and Defendant Richard Standridge is the CEO of Eoscomp.  Plaintiffs' other allegations regarding these Defendants will be recited as necessary throughout the discussion.

Plaintiffs filed their original complaint on September 2, 2005 and assert one count of fraud and negligent misrepresentation against all Defendants.  (Dkt. 1).  On October 28, 2005, Defendant Garth filed a motion to dismiss.  (Dkt. 11).  On October 31, 2005, Defendants Cano, Rathbun, and

---

[3] William Coile owns and operates the insurance agency Coile & Associates and is also a Defendant in this action.

Standridge each filed motions to dismiss. (Dkts. 13, 14, 15). Plaintiffs filed an Amended Complaint in order to allege additional facts, and the district judge denied Defendants' motions to dismiss as moot. (Dkt. 26). Following Plaintiffs' amendment of the complaint, Defendants Garth, Cano, Rathbun, and Standridge again filed motions to dismiss the amended complaint; each of these motions is substantially similar to the respective party's first motion to dismiss.

Defendant Garth argues that Plaintiffs have failed to plead a fraud claim against Defendant Garth with the degree of particularity required under Federal Rule of Civil Procedure 9(b). Defendants Cano, Rathbun, and Standridge assert that Plaintiffs' allegations fail to establish that the court has personal jurisdiction over each of them.

## II.    DEFENDANT GARTH'S MOTION TO DISMISS

Defendant Garth argues that Plaintiffs fail to state a claim against him upon which relief can be granted because Plaintiffs have not pled fraud with the degree of particularity required by Federal Rule of Civil Procedure 9(b).

Plaintiffs allege that Defendant Garth was the attorney who provided the legal expertise to create Regency, the insurer for the Workers Compensation policy at issue. (Dkt. 23 at 4). Plaintiffs assert that Defendant Garth "is located" in Mobile, Alabama. Id. Plaintiffs allege that on or about June 21, 2001, Defendant Garth made a presentation to Plaintiffs and other PEOs outlining the logistics and coverage of the Workers Compensation plan Regency was offering and that this presentation took place in Point Clear, Alabama. (Dkt. 23 at 9). Plaintiffs assert that Defendant Garth was to participate in a second meeting of attorneys, accountants, and insurance managers from June 25-27, 2001 in Bermuda.[4]  (Dkt. 23 at 10).

---

[4] Plaintiffs do not, however, allege that this meeting actually took place.

3

In the Amended Complaint, Plaintiffs' substantive allegations regarding Defendant Garth include the following:[5]

36.   In order to further the scheme to defraud and conceal, on or about June 21, 2001, Defendants COILE, ASSOCIATES, EOSCOMP, GARTH, and STUARDI (also referred to as the "REGENCY Defendants") made a presentation outlining the plan to provide the offshore captive and Workers Compensation coverage through Defendant REGENCY insurance at the Marriott Grand Hotel in Point Clear, Alabama. The REGENCY Defendants presented the offshore captive and cell plan with Defendant REGENCY to a number of owners of PEO'S who were searching for Workers Compensation coverage. (A copy of the presentation packet is attached and incorporated herein as Exhibit "H").

40.   In order to further legitimize the scheme to defraud, at the meeting on June 21, 2001, Defendant COILE and Defendant ASSOCIATES had Defendant GARTH speak on the corporate structure of the offshore captive and cell and how legitimate the Regency plan would be to cover all the PEO's Workers Compensation needs.

44.   As a result of this presentation and meeting by Defendant COILE, Defendant ASSOCIATES, Defendant EOSCOMP, Defendant STUARDI and Defendant GARTH, Plaintiffs were led to believe that a Workers Compensation offshore captive and cell plan would be created and operational by August 2001 with Defendant REGENCY retroactive to June 1, 2001 and continuing to June 1, 2002.

73.   In connection with Defendants Coile and Associates efforts to defraud the Plaintiffs, Defendants Coile, Associates and Titan with the help and assistance of Defendants EOSCOMP and STAT-CARE and the Defendants, POLINO, GARTH, CANO, RATHBUN, BROWN, BREWER, J. BREWER, STUARDI and STRANDRIDGE repeatedly made material false representations to Plaintiff before and after the date of the initial coverage on June 1, 2001 and before and after the date of termination of coverage on June 1, 2002, with the intent that Plaintiff would rely on such false representations. The false representations included, but were not limited to the following:
   a.   That REGENCY insurance was a legal, licensed insurance carrier of Workers Compensation coverage in the United States.
   b.   That Defendants COILE, ASSOCIATES and TITAN would send the required premium payments to REGENCY for the Policy.
   c.   That a policy existed under REGENCY insurance.
   d.   That Defendants EOSCOMP, STAT-CARE, STANDRIDGE, BROWN, CANO and RATHBUN would oversee and manage all claims filed under

_____

[5] Each is preceded by paragraph number as numbered in the Amended Complaint, Dkt. 23.

the REGENCY policy.

    e.    That Defendants COILE and ASSOCIATES placed the Workers Compensation policy with Defendant REGENCY.

74.    Defendants COILE, ASSOCIATES and TITAN with the help and assistance of Defendants EOSCOMP and STAT-CARE and the Defendants, POLINO, GARTH, CANO, RATHBUN, BROWN, BREWER, J. BREWER, STUARDI and STANDRIDGE knew that the foregoing representations were false when made. Alternatively, Defendants COILE, ASSOCIATES and TITAN with the help and assistance of Defendants EOSCOMP and STAT-CARE and the Defendants, POLINO, GARTH, CANO, RATHBUN, BROWN, BREWER, J. BREWER, STUARDI and STANDRIDGE were reckless and/or negligent in making such representations to Plaintiff. Plaintiff relied upon all of these representations to their detriment in entering into the Agreement with Defendants COILE, ASSOCIATES TITAN, EOSCOMP, BREWER, STAT-CARE, and suffered substantial financial harm in damages as a result of Defendants COILE, ASSOCIATES and TITAN with the help and assistance of Defendants EOSCOMP and STAT-CARE and the Defendants, POLINO, GARTH, CANO, RATHBUN, BROWN, BREWER, J. BREWER, STUARDI and STANDRIDGE fraud and breach of the Agreement.

The allegations discussed and excerpted above are the only allegations Plaintiffs make against Defendant Garth in the amended complaint.

Defendant Garth argues that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' allegations, if taken as true, do not state a claim for fraud against Defendant Garth in light of the requirement that fraud claims be plead with particularity. A motion to dismiss for failure to state a claim should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Plaintiff's allegations are accepted as true for this determination. Powell v. United States, 945 F.2d 374, 375 (11th Cir. 1991).

Federal Rule of Civil Procedure 9(b) mandates that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." This heightened

pleading standard serves "ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of, . . . eliminate those complaints filed as a pretext for discovery of unknown wrongs, and to protect Defendants from unfounded charges of wrongdoing that injure their reputations."  Anderson v. Transglobe Energy Corp., 35 F.Supp.2d 1363, 1369 (M.D. Fla. 1999) (citations omitted).  However, Rule 9(b) must be read in context with Rule 8 and "a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading." Friedlander v. Nims, 755 F.2d 810, 813 n.3 (11th Cir. 1985) (citations omitted).

To satisfy Rule 9(b), the complaint must set forth precisely what statements or omissions were made in what documents or oral representations, the time and place of the statements, who made the statements, the contents of the statements and manner in which they misled the plaintiff, and what the defendant gained as a consequence.  Ziemba v. Cascade International, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citing Brooks v. Blue Cross and Blue Shield of Florida, 116 F.3d 1364, 1371 (11th Cir. 1997)).

In his motion to dismiss, Defendant Garth contends that the amended complaint does not contain any specific allegations of actions taken by Defendant Garth which would be sufficient to state a cause of action.  In response, Plaintiffs claim that paragraphs 36, 40, and 44 of the amended complaint allege specific conduct of Defendant Garth that gives rise to this action and that paragraphs 73 and 74 set forth the "misrepresentations that were made by Garth (as well as co-defendants)" with particularity.  (Dkt. 34, Exhibit A at 2).[6]

---

[6] In responding to Defendant Garth's current motion to dismiss, Plaintiffs attach and incorporate by reference their response to Defendant Garth's first motion to dismiss.  (Dkt. 34). Although the first portion of Plaintiffs' original response is applicable, the latter two portions

In paragraph 36 of the amended complaint, Plaintiffs allege that Defendant Garth (along with other Defendants) made a presentation outlining the plan to provide Workers Compensation insurance on June 21, 2001, in Point Clear, Alabama. Plaintiffs incorporate by reference the presentation packet, which includes bullet-point items on topics such as "Program Components," "Payments," and "Funding." (Dkt. 23, Exhibit H). Although the packet lists Defendant Garth as a presenter for the topics of "Offshore Program" and "Summary," the body of the packet does not identify particular statements that were made by Defendant Garth. Id. Paragraph 40 of the amended complaint is a similar general statement that Defendant Garth spoke at the June 21, 2001 meeting about "the corporate structure of the offshore captive" and how the Regency policy would "cover all the PEO's Workers Compensation needs."

Paragraph 44 of the amended complaint states that the June 21, 2001 presentation led Plaintiffs to believe the Regency plan would be operational by August 2001 and effective retroactively to June 1, 2001. In paragraph 73 of the amended complaint, Plaintiffs assert that Defendant Garth "repeatedly made material false representations to Plaintiff before and after the date of the initial coverage on June 1, 2001 and before and after the date of termination of coverage on June 1, 2002, with the intent that Plaintiff would rely on such false representations." Plaintiffs go on to assert five specific false representations, none of which mention Defendant Garth. Finally, paragraph 74 of the amended complaint is a general recitation of the elements of the fraud claim. In this paragraph, Plaintiffs assert that fourteen Defendants knew the representations were false when made, were reckless and/or negligent in making such representations, and that Plaintiff relied on those representations and suffered substantial financial harm as a result.

---

address issues not currently before the court.

The allegations contained in these paragraphs, and the allegations made elsewhere in the amended complaint, do not identify any particular statement by Defendant Garth, the specific contents of the allegedly false representations, the way in which such a statement misled the Plaintiffs, or what Defendant Garth gained as a consequence of the statement.[7]  Plaintiffs allege the time and place of certain statements made by Defendant Garth in paragraph 36.  In paragraphs 40 and 44, Plaintiffs allege that Defendant Garth spoke on several topics during a presentation which, as a whole, led Plaintiffs to believe the Regency plan would be operational by August 2001.  In paragraph 73, Plaintiffs assert in very general terms that Defendant Garth (together with thirteen other Defendants) made material false representations sometime before or after June 1, 2001 or before or after June 1, 2002.  Plaintiffs go on to allege five specific false representations, but do not distinguish any particular statement made by Defendant Garth.[8]  Plaintiffs do not allege any statements at all in paragraph 74, much less one sufficient to comport with Rule 9(b).  As Plaintiffs do not allege precise statements, particular contents or manner of statements, or what Defendant Garth gained as a consequence of such statements, Plaintiffs have not complied with the strictures of Rule 9(b) as to Defendant Garth.

---

[7] See In re: Eagle Building Technologies, Inc., 319 F.Supp.2d at 1332 (dismissing plaintiffs' complaint under Rule 9(b) for failing to state what a defendant obtained as a consequence of the alleged fraud).

[8] In cases with multiple defendants, Rule 9(b) requires plaintiffs to differentiate their allegations and "inform each defendant separately of the allegations surrounding 'his alleged participation in the fraud.'"  Haskin v. R.J. Reynolds Tobacco Co., 995 F.Supp. 1437, 1439-40 (M.D. Fla. 1998) (quoting Vicom, Inc. v. Harbridge Merchant Svcs., 20 F.3d 771, 778 (7th Cir. 1994)).  Plaintiffs have not satisfied this aspect of Rule 9(b), as the allegations of fraudulent statements in paragraph 73 are attributed collectively to fourteen of the fifteen Defendants. See, e.g., Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'") (citations omitted).

In general, if a more carefully drafted complaint might state a claim upon which relief could be granted, the court should allow a plaintiff a chance to amend the complaint before dismissing the complaint with prejudice.  <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991)).  However, where a plaintiff who is represented by counsel did not file a motion to amend or request leave to amend, the district court is not required to grant the plaintiff leave to amend *sua sponte*.  <u>Wagner v. Daewoo Heavy Industries America Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling <u>Bank</u>).  In addition, granting leave to amend is not required where: (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies through previous amendment; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

In this instance, Defendant Garth filed a motion to dismiss in response to Plaintiffs's original complaint.  (Dkt. 11).  Defendant Garth's first motion to dismiss was substantially similar to the motion currently before the court and in it Defendant Garth argued that Plaintiffs failed to satisfy Fed.R.Civ.P. 9(b), among other arguments.  (Dkt. 11 at 13-15).  Plaintiffs were previously granted leave to amend the complaint (Dkt. 27), but, as discussed above, have failed to meet the pleading standard of Rule 9(b).  Plaintiffs were aware of the Rule 9(b) deficiency due to Defendant Garth's first motion to dismiss, were allowed an opportunity to amend, and did not augment the complaint to meet Rule 9(b)'s requirements.  However, as there is some chance that a more carefully drafted complaint could state a claim against Defendant Garth in a manner that satisfies Rule 9(b), Plaintiffs may be allowed a final opportunity to do so.  Therefore, the undersigned recommends that Defendant Garth's motion to dismiss be granted to the extent that Plaintiffs' amended complaint be

dismissed without prejudice as to Defendant Garth and Plaintiffs be granted leave to amend in order to allege fraud against Defendant Garth with the particularity required by Rule 9(b).

## III.    DEFENDANTS CANO, RATHBUN, AND STANDRIDGE'S MOTIONS TO DISMISS

Defendants Cano, Rathbun, and Standridge argue via separate motions that Plaintiffs' allegations fail to establish personal jurisdiction as to each of them.[9]  (Dkts. 35, 36, 37).

The plaintiff initially bears the burden of alleging sufficient material facts to form a basis for asserting personal jurisdiction over the nonresident defendant.   Hollingsworth v. Iwerks Entertainment, Inc., 947 F.Supp. 473, 476 (M.D. Fla. 1996) (citations omitted).  Once a plaintiff meets this burden, the burden shifts to the defendant to challenge the plaintiff's complaint by affidavits or other pleading.  Id.  If the defendant sufficiently challenges the plaintiff's jurisdictional allegations, the plaintiff must affirmatively support his jurisdictional allegations and may not merely rely on factual allegations set forth in the complaint.  Id.  The court accepts as true the facts alleged in the complaint to the extent they are uncontroverted by the defendant's affidavits.  Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).  Where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff.[10]  Id.

To establish this court's personal jurisdiction over Defendants Cano, Rathbun, and Standridge, Plaintiffs must satisfy both Florida's long-arm statute, Fla. Stat. § 48.193, and constitutional notions of due process.  See Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

---

[9] Defendants Cano, Rathbun, and Standridge state that Plaintiffs have not met the Rule 9(b) pleading requirement in passing, but do not develop the argument in their respective briefs.

[10] Although it is within the court's discretion to hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, see Delong v. Washington Mills, 840 F.2d 843, 845 (11th Cir. 1988), an evidentiary hearing is not necessary here, where Plaintiffs do not present conflicting evidence.

The court first considers the jurisdictional question under the state long-arm statute. Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990). If there is a basis for personal jurisdiction under the state statute, the court next determines whether the defendant's minimum contacts with the forum satisfy the due process clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Madara, 916 F.2d at 1514 (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (remaining citations omitted). Only if both prongs are met may the court exercise personal jurisdiction over a non-resident defendant.

### A. Florida's Long-Arm Statute

To obtain jurisdiction over a non-resident defendant under Florida's long-arm statute, Fla. Stat. § 48.193, the complaint must allege specific jurisdictional facts that bring the action within the ambit of the statute.[11] See John Posey Corp. v. R.J.T. Engineering, Inc., 617 So.2d 441, 443 (Fla. 5th DCA 1993); Taylor Forge International, Inc. v. Specialty Maintenance & Construction, Inc., 685 So.2d 1360, 1361 (Fla. 2d DCA 1996). A plaintiff may either show that a defendant's "substantial and not isolated activity" within Florida subjects the defendant to general jurisdiction under Fla. Stat. § 48.193(2), or that the defendant's particular acts within the state subject the defendant to specific jurisdiction under Fla. Stat. § 48.193(1).[12]

---

[11] As a question of state law, federal courts construe the Florida long-arm statute as would the Florida Supreme Court. Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890-91 (11th Cir. 1983).

[12] Section 48.193(1) provides, in pertinent part:

(1)     Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal

General personal jurisdiction arises from a party's substantial, not isolated activity within the forum state regardless of whether the claim asserted arises from that activity.  <u>Madara</u>, 916 F.2d at 1516 n.7 (citations omitted); Fla. Stat. § 48.193(2).  If the allegations in the complaint do not show that a defendant is subject to general jurisdiction in Florida, then the plaintiff must show that specific jurisdiction exists pursuant to Fla. Stat. § 48.193(1).

## B.  Defendant Cano

Defendant Cano is an employee of Eoscomp, L.L.C. ("Eoscomp"), the third-party claims administrator for Workers Compensation insurance at issue and also a Defendant in this action.  When introducing the parties in the amended complaint, Plaintiffs allege Defendant Cano "is a Vice

---

representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a)     Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b)     Committing a tortious act within this state.

. . .

(d)     Contracting to insure any person, property, or risk located within this state at the time of contracting.

. . .

(f)     Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

    1.     The defendant was engaged in solicitation or service activities within this state;  or

    2.     Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

(g)     Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. § 48.193 (2005).

President of EOSCOMP and is located at 2141 E. Broadway Road, Suite 120, Tempe, AZ 85282"[13]

and "is engaged in substantial and not isolated activity within the State of Florida." (Dkt. 23 at 4).[14]

Plaintiffs later allege that Plaintiffs sent claims payments from Florida to Defendants Coile, Coile

& Associates, and Titan in Alabama for claims management services performed by Defendants

Eoscomp, Stat-Care, Standridge, Brown, Cano, and Rathbun. (Dkt. 23 at 11, 13).

Plaintiffs allege that in August 2002 Defendant Cano, on behalf of Defendants Eoscomp and

Stat-Care, shipped all of Plaintiffs claims files back to Plaintiffs without explanation. (Dkt. 23 at

16). Plaintiffs allege that in September 2002, they sent a letter to Defendant Cano requesting an

explanation for his actions and asking Defendant Cano to reveal the names, addresses, and

whereabouts of Defendant Regency. Id. Finally, Plaintiffs include Defendant Cano in their omnibus

allegation of false representations made by fourteen Defendants and allege that the false

representations included the fact that Defendants Eoscomp, Stat-Care, Standridge, Brown, Cano, and

Rathbun would oversee and manage all claims filed under the Regency policy. (Dkt. 23 at 17).

However, Plaintiffs do not allege that Defendant Cano has performed any activity that would

subject him to jurisdiction in Florida under Florida's long-arm statute. For instance, Plaintiffs do

not allege that Defendant Cano personally or through an agent did any of the following: conducted

business in Florida, committed a tortious act in Florida, owned real property in Florida, contracted

to insure any person or property in Florida, caused injury to Plaintiffs in Florida while engaging in

solicitation or service activities in Florida or through the use of a product made, serviced, or

---

[13] The address Plaintiffs provide for Defendant Cano is the same as the "principal business address" given for Defendant Eoscomp. (Dkt. 23 at 3).

[14] Defendant Cano states that during the relevant time, Defendant Cano was the claims manager at Eoscomp who handled Plaintiffs' Workers Compensation claims. (Dkt. 35 at 2).

processed by Defendant Cano, or breached a contract with Plaintiffs by failing to perform acts required by the contract to be performed in Florida. See Fla. Stat. § 48.193(1). Further, the allegations in the amended complaint, taken as true, do not show that Defendant Cano engaged in substantial and not isolated activity within Florida. See Fla. Stat. § 48.193(2).

In challenging this court's personal jurisdiction, Defendant Cano presents his own affidavit where he states, among other things, that: (1) at all relevant times, he resided in the state of Arizona; (2) he does not own any real property in Florida; (3) he did not engage in any conduct in Florida which Plaintiffs allege forms the basis of their cause of action against Defendant Cano; (4) he never engaged in any communications with any of the Plaintiffs prior to Eoscomp's retention to provide claims management services for Plaintiffs; (5) all Defendant Cano's communications and actions dealing with administration of workers compensation claims referenced in the complaint were undertaken in Arizona and were done within the scope of Defendant Cano's employment at Eoscomp. (Dkt. 35, Exhibit A at 3-4).

Plaintiffs allege in the amended complaint that Defendant Cano "is engaged in substantial and not isolated activity within the State of Florida." However, Defendant Cano's affidavit refutes Plaintiffs' assertion of jurisdiction. Defendant Cano's unrebutted affidavit testimony shows that he resides in Arizona, does not own any real property in Florida, did not negotiate or execute in Florida any contract relevant to Plaintiffs' claims, and has not engaged in any substantial or regularly conducted business activities within the state of Florida.

Once a defendant has sufficiently challenged a plaintiff's assertion of personal jurisdiction, the plaintiff must present affirmative evidence supporting that jurisdiction and may not rely on the

14

allegations set forth in the complaint.  Hollingsworth, 947 F.Supp. at 476.[15]  Defendant Cano made

a prima facie showing, through his affidavit, that the Florida long-arm statute does not apply.  In

response, Plaintiffs merely reiterate the allegations set forth in the amended complaint.  (Dkt. 40 at

3).  Plaintiffs' allegations of jurisdiction in the complaint, absent affirmative support, are conclusory

and insufficient to show that this court can maintain personal jurisdiction over Defendant Cano.[16]

See Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n, 140 F.Supp.2d 1325, 1328

(S.D. Fla. 2001) ("A plaintiff seeking to subject a nonresident defendant to jurisdiction of the court

through the long-arm statute must do more than allege facts that show a possibility of jurisdiction.").

### C.  Defendant Rathbun

Defendant Rathbun is also an employee of Eoscomp, the third-party claims administrator for

the Workers Compensation insurance coverage in question.  During the relevant period, Defendant

Rathbun was an insurance adjuster at Eoscomp.  (Dkt. 23 at 4).

In the amended complaint, Plaintiffs allege Defendant Rathbun resides at 8614 East Meceto,

Mesa, Arizona 85208, was an insurance adjustor for Defendant Eoscomp, and "is engaged in

substantial and not isolated activity within the State of Florida."  (Dkt. 23 at 4).  Plaintiffs further

---

[15] Accord Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996); Jet Charter Services, Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1990); Polskie Linie Oceaniczne v. Seasafe Transport, 795 F.2d 968, 972 (11th Cir. 1986) (when a defendant makes a prima facie showing that the long-arm statute does not apply, the plaintiff must support the jurisdictional allegations in the complaint with "affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint") (citing Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977)); Prentice v. Prentice Colour, Inc., 779 F.Supp. 578, 583 (M.D. Fla. 1991); Bloom v. A.H. Pond Co., Inc., 519 F.Supp. 1162, 1168 (S.D. Fla. 1981); Doe v. Thompson, 620 So.2d 1004, 1005 (Fla. 1993); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989).

[16] Because Plaintiffs have not refuted Defendant Cano's affidavit testimony, it is unnecessary to reach the issues of Florida's corporate shield doctrine or the federal fiduciary shield doctrine.

allege that Defendant Rathbun, with Defendants Brown and Cano, "participated in the fraud and concealment as the adjustors for Defendant EOSCOMP and Defendant STAT-CARE." (Dkt. 23 at 10-11). Plaintiffs allege that Plaintiffs sent claims payments from Florida to Alabama "for claims management allegedly performed by Defendants EOSCOMP, STAT-CARE, STANDRIDGE, BROWN, CANO, and RATHBUN." (Dkt. 23 at 11). Plaintiffs allege that Defendant Polino, an attorney, defended Defendant Rathbun at a deposition taken on February 14, 2003. (Dkt. 23 at 16).[17] Finally, Plaintiffs include Defendant Rathbun in their broad allegation of false representations against fourteen Defendants and assert that one of the false representations was the fact that Defendants Eoscomp, Stat-Care, Standridge, Brown, Cano, and Rathbun would oversee and manage all claims filed under the Regency policy. (Dkt. 23 at 17).

However, as with Defendant Cano, Plaintiffs do not allege that Defendant Rathbun has performed any activity that would subject him to jurisdiction in Florida under Florida's long-arm statute. For instance, Plaintiffs have not alleged that Defendant Rathbun personally or through an agent did any of the following: conducted business in Florida, committed a tortious act in Florida, owned real property in Florida, contracted to insure any person or property in Florida, caused injury to Plaintiffs in Florida while engaging in solicitation or service activities in Florida or through the use of a product made, serviced, or processed by Defendant Rathbun, or breached a contract with Plaintiffs by failing to perform acts required by the contract to be performed in Florida. See Fla. Stat. § 48.193(1). The allegations in the amended complaint, taken as true, also do not demonstrate

---

[17] Plaintiffs attach and incorporate by reference the deposition of Defendant Rathbun taken on February 14, 2003. (Dkt. 23, Exhibit DD). The deposition was taken in the matter of Alexander Equipment Rental, Inc. and Alexander Construction, Inc. v. Pyramid Employer Services, Inc, Coile & Associates, Inc., Regency Insurance Co., Ltd., and Jerry Brewer, in Phoenix, Arizona. Plaintiffs do not indicate the relevance this deposition has to the present action.

that Defendant Rathbun engaged in substantial and not isolated activity within Florida.  See Fla. Stat. § 48.193(2).

To contest Plaintiffs' assertion of jurisdiction, Defendant Rathbun presents his own affidavit where he states, among other things, that: (1) at all relevant times, he resided in the state of Arizona; (2) he does not own any real property in Florida; (3) he did not engage in any conduct in Florida which Plaintiffs allege forms the basis of their cause of action against Defendant Rathbun; (4) he never engaged in any communications with any of the Plaintiffs prior to Eoscomp's retention to provide claims management services for Plaintiffs; (5) all Defendant Rathbun's communications and actions dealing with administration of workers compensation claims referenced in the complaint were undertaken in Arizona and were done within the scope of Defendant Rathbun's employment at Eoscomp.  (Dkt. 36, Exhibit A at 3-4).

Upon this evidence, the court's analysis of personal jurisdiction over Defendant Rathbun tracks the analysis performed for Defendant Cano.  For instance, Plaintiffs allege that Defendant Rathbun "is engaged in substantial and not isolated activity within the State of Florida."  Defendant Rathbun refutes the applicability of the Florida long-arm statute with his own affidavit.  Defendant Rathbun's unrebutted affidavit testimony shows that he resides in Arizona, does not own any real property in Florida, did not negotiate or execute in Florida any contract relevant to Plaintiffs' claims, and has not engaged in any substantial or regularly conducted business activities within the state of Florida.  (Dkt. 36, Exhibit A).

Plaintiffs must therefore present affirmative evidence supporting jurisdiction and may not rely on the allegations set forth in the complaint.  Hollingsworth, 947 F.Supp. at 476. In response, however, Plaintiffs merely reiterate the allegations set forth in the amended complaint.  (Dkt. 38 at

3).  Plaintiffs' allegations of jurisdiction in the complaint, absent affirmative support, are conclusory and insufficient to show that this court can maintain personal jurisdiction over Defendant Rathbun. See Miami Breakers, 140 F.Supp.2d at1328.

**D. Defendant Standridge**

During the relevant time period, Defendant Standridge was the Chief Executive Officer and owner of Eoscomp.  (Dkt. 23 at 4).  In the amended complaint, Plaintiffs provide the same address for Defendant Standridge–2141 East Broadway Road, Suite 120, Tempe, Arizona 85282–as that given as Defendant Eoscomp's "principal business address."  (Dkt. 23 at 3, 5).  Plaintiffs allege that Defendant Standridge "is engaged in substantial and not isolated activity within the State of Florida."  (Dkt. 23 at 5).  Plaintiffs allege that they sent claims payments from Florida to Alabama for claims management and claims services allegedly performed by Defendants Eoscomp, Stat-Care, Standridge, Brown, Cano, and Rathbun.  (Dkt. 23 at 11, 13).  Plaintiffs allege that in August 2002 Defendant Standridge, on behalf of Defendants Eoscomp and Stat-Care, directed Defendant Cano to ship all of Plaintiffs claims files back to Plaintiffs without explanation.  (Dkt. 23 at 16).  Plaintiffs include Defendant Standridge in their general allegation of false representations by fourteen Defendants and allege that the false representations included the fact that Defendants Eoscomp, Stat-Care, Standridge, Brown, Cano, and Rathbun would oversee and manage all claims filed under the Regency policy.  (Dkt. 23 at 17).

Again, however, Plaintiffs do not allege that Defendant Standridge has performed any activity that would subject him to jurisdiction in Florida under Florida's long-arm statute.  Plaintiffs have not alleged that Defendant Standridge personally or through an agent did any of the following: conducted business in Florida, committed a tortious act in Florida, owned real property in Florida,

18

contracted to insure any person or property in Florida, caused injury to Plaintiffs in Florida while engaging in solicitation or service activities in Florida or through the use of a product made, serviced, or processed by Defendant Standridge, or breached a contract with Plaintiffs by failing to perform acts required by the contract to be performed in Florida.  See Fla. Stat. § 48.193(1).  Nor do the allegations in the amended complaint show that Defendant Standridge engaged in substantial and not isolated activity within Florida.  See Fla. Stat. § 48.193(2).

Plaintiffs argue that Defendant Standridge has engaged in substantial and not isolated activity within the state because he has served as an officer or director of several companies that were registered to do business in Florida during the relevant time period.  (Dkt. 39 at 3).  Plaintiffs contend that Defendant Standridge's actions through these various entities form the basis for the claims asserted and Plaintiffs have thus satisfied the jurisdictional requirement.  Id.  Plaintiffs' argument necessarily depends on attributing Defendant Eoscomp's activities in Florida to Defendant Standridge individually.  This is simply untenable.  Defendant Eoscomp's activity within Florida is relevant to whether the court has personal jurisdiction over Defendant Eoscomp as an entity; it is not relevant to the question of personal jurisdiction as to Defendant Standridge individually.

In challenging personal jurisdiction, Defendant Standridge submits an affidavit in which he states, among other things, that: (1) at all relevant times, he resided in the state of Arizona; (2) he does not own any real property in Florida; (3) he did not engage in any conduct in Florida which Plaintiffs allege forms the basis of their cause of action against him; (4) he never engaged in any communications with any of the Plaintiffs prior to Eoscomp's retention to provide claims management services for Plaintiffs; (5) all Defendant Standridge's communications and actions dealing with administration of workers compensation claims referenced in the complaint were

undertaken in Arizona and were done within the scope of Defendant Standridge's employment as an officer of Eoscomp.  (Dkt. 37, Exhibit A at 3-4).

Plaintiffs must therefore present affirmative evidence supporting jurisdiction and may not rely on the allegations set forth in the complaint.  Hollingsworth, 947 F.Supp. at 476.  Plaintiffs attach to their response what appear to be information inquiries on four corporations with which Defendant Standridge is associated.[18]  (Dkt. 39, Exhibit A).  Plaintiffs contend that this information shows that Defendant Standridge "conducts substantial business within the forum state through his operations in his various companies."  (Dkt. 39 at 6).  As discussed above, Plaintiffs' proffered evidence relates to Defendant Eoscomp's activities within Florida rather than to Defendant Standridge, therefore it is wholly irrelevant to the issue at hand.

Plaintiffs rely on the allegations set forth in the complaint and do not present affirmative evidence supporting jurisdiction over Defendant Standridge.  See Hollingsworth, 947 F.Supp. at 476.  These allegations, without affirmative support, are insufficient to show that this court has personal jurisdiction over Defendant Standridge.  See Miami Breakers, 140 F.Supp.2d at 1328.

For the forgoing reasons, Plaintiffs have not established this court's personal jurisdiction over Defendants Cano, Rathbun, and Standridge under Florida's long-arm statute.[19]

---

[18] Defendant Standridge is listed as the Manager/Member for three of the corporations (Eoscomp, L.L.C., Eoshealth, L.L.C., and Eoscor, L.L.C.) and as the Officer/Director for one of the corporations (Eosoutsource, Inc.).  (Dkt. 39, Exhibit A).

[19] Continuing the personal jurisdiction analysis under the due process clause is unnecessary as Plaintiffs have not met the first prong of the jurisdictional analysis.  See Marara, 916 F.2d at 1514; Cable/Home Communication Corp., 902 F.2d at 855.

IV.     **RECOMMENDATION**

Upon consideration, it is **RECOMMENDED** that:

(1)  **Defendant Thomas F. Garth's Motion to Dismiss First Amended Complaint** (Dkt. 29) be **GRANTED** to the extent that Plaintiffs' Amended Complaint be dismissed without prejudice as to Defendant Garth and Plaintiffs be granted leave to amend in order to allege fraud against Defendant Garth with the particularity required by Rule 9(b).

(2) **Defendant Robert Cano's Motion to Dismiss Amended Complaint** (Dkt. 35), **Defendant Terry Rathbun's Motion to Dismiss Amended Complaint** (Dkt. 36), and **Defendant Richard Standridge's Motion to Dismiss Amended Complaint** (Dkt. 37) be **GRANTED** and Plaintiff's Amended Complaint be dismissed without prejudice as to Defendants Cano, Rathbun, and Standridge for lack of personal jurisdiction.

**DONE AND ORDERED** in Tampa, Florida on this 12th day of April, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies to:
    Counsel of Record
    District Court Judge