UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PYRAMID EMPLOYER SERVICES,**
**et al.,**

    **Plaintiffs,**

v.                                                             Case No. 8:05-CV-1646-T-23EAJ

**WILLIAM COLTON COILE, et al.**,

    **Defendants.**
_____/

## **ORDER**

Before the court is Defendant Thomas F. Garth's **Motion to Compel More Adequate Responses to Plaintiff's Rule 26 Disclosures** (Dkt. 50), filed May 10, 2006. Plaintiffs have not filed a response as of the date of this order and the period for responding has elapsed. See Local Rule 3.01(b), M.D. Fla.

In the motion to compel, Defendant Garth argues that Plaintiffs' Rule 26 disclosures are deficient because Plaintiffs failed to provide a computation of damages claimed or a list of documents or evidence supporting any damages as required by Federal Rules of Civil Procedure 26(a)(1)(B) and 26(a)(1)(C). Defendant Garth also seeks an award of sanctions for the costs and fees associated with bringing the motion to compel.

Plaintiffs served Rule 26 disclosures on Defendant Garth on March 20, 2006. Plaintiffs provided a list of categories of documents as required by Fed.R.Civ.P. 26(a)(1)(B).[1]  For the

---

[1] To satisfy its obligation under Fed.R.Civ.P. 26(a)(1)(B), a party may either provide a copy of all documents, data compilations and tangible things that the party may use to support its claims or defenses, or the party may provide a description of such documents by category and location. Fed.R.Civ.P. 26(a)(1)(B).

computation of damages under Rule 26(a)(1)(C), Plaintiffs included this statement:

> "Plaintiff's [sic] damages include money expended on premiums as well as claims for which Plaintiffs' [sic] were exposed to as a result of there being no coverage provided by Regency. Plaintiff [sic] will supplement this disclosure with a precise damage computation. Plaintiff [sic] reserves the right to supplement these disclosures as discovery is just commencing, should additional documents be discovered."

(Dkt. 50, Exhibit A at 2-3). On March 27, 2006, Defendant Garth's counsel sent Plaintiffs a written request for copies of all documents disclosed under Rule 26(a)(1)(B) and a calculation of damages pursuant to Rule 26(a)(1)(C). (Dkt. 50, Exhibit B). Plaintiffs responded that a damages computation would be provided to Defendant by April 19, 2006. (Dkt. 50, Exhibit C). Plaintiffs failed to provide a calculation of damages by that date, and has apparently not yet produced the required calculation of damages.

It is therefore **ORDERED** and **ADJUDGED**:

(1) Defendant Garth's **Motion to Compel More Adequate Responses to Plaintiff's Rule 26 Disclosures** (Dkt. 50) is **GRANTED IN PART** and **DENIED IN PART** as follows. Plaintiffs shall provide Defendant Garth with a computation of damages within fifteen (15) days of the date of this order and shall make available for inspection and copying the documents or other evidentiary material on which the computation is based in compliance with Rule 26(a)(1)(C). Plaintiffs' disclosures under Rule 26(a)(1)(B) are adequate as provided, except that the disclosures do not include the location of the documents. Plaintiffs shall supplement their disclosures under Rule 26(a)(1)(B) to include the locations of the documents described, within fifteen (15) days of this order. All other relief requested is denied.

(2) Defendant Garth's request for sanctions is **DENIED WITHOUT PREJUDICE** subject to

reconsideration should Plaintiffs fail to comply with this order.

**DONE** and **ORDERED** in Tampa, Florida this 30th day of May, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge