# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**PYRAMID EMPLOYER SERVICES,**
et al.,

    **Plaintiffs,**

v.                                                Case No. 8:05-CV-1646-T-23EAJ

**WILLIAM COLTON COILE, et al.,**

    **Defendants.**

_____/

## ORDER

Before the court is Defendant Eoscomp's **Motion to Compel Production of Documents to Defendant Eoscomp's First Request for Production of Documents by Plaintiff Pyramid** (Dkt. 67), filed August 29, 2006. Plaintiff Pyramid Employer Services has not filed a response as of the date of this order and the period for responding has elapsed. See Local Rule 3.01(b), M.D. Fla.

Defendant Eoscomp asserts that it served its First Request for Production upon Plaintiff Pyramid on July 6, 2006. Defendant contends that in a telephone conference between counsel for the parties on July 27, 2006, Defendant granted Plaintiff a one week extension of time in which to respond to the discovery, making August 14, 2006 the extended deadline for Plaintiff to respond. Defendant further asserts that when Plaintiff failed to respond and produce as promised, defense counsel sent a letter to Plaintiff's counsel on August 15, 2006 requesting that Plaintiff respond to the discovery. Defendant subsequently granted Plaintiff an extension through August 28, 2006 to respond to the request for production. Defendant asserts that as of August 28, 2006, Plaintiff has not

produced any of the documents or other materials in response to the request for production.[1]

In addition to requesting that the court order Plaintiff to respond to the request for production within five (5) days and make the responsive records available for copying within ten (10) days, Defendant requests that the court award it reasonable costs and attorney's fees associated with Plaintiff's failure to meet its discovery obligations. As noted above, Plaintiff has not filed a response as of the date of this order; therefore, Plaintiff is deemed to have no opposition to the relief requested.

It is therefore **ORDERED** and **ADJUDGED**:

(1) Defendant Eoscomp's Motion to Compel (Dkt. 67) is **GRANTED IN PART** and **DENIED IN PART** as follows. Plaintiff Pyramid shall respond to Defendant Eoscomp's First Request for Production and shall make available for inspection and copying the documents or records associated with the request in compliance with Rule 34, Fed. R. Civ. P., within twenty (20) days of the date of this order. All other relief requested is denied.

(2) Defendant Eoscomp's request for costs and attorney's fees is **DENIED WITHOUT PREJUDICE** subject to reconsideration should Plaintiff Pyramid fail to comply with this order.

**DONE** and **ORDERED** in Tampa, Florida this 25th day of September, 2006.

---

[1] In support of its request to compel production, Defendant attaches to its motion "Defendant Eoscomp's First Request for Production to Plaintiffs," dated July 6, 2006; a letter to Plaintiff's counsel dated August 15, 2006 requesting that Plaintiff respond to the request for production; and an email to Plaintiff's counsel dated August 22, 2006, confirming Defendant's extension of Plaintiff's response deadline to August 28, 2006.

/s/ Elizabeth A. Jenkins
_____
ELIZABETH A JENKINS
United States Magistrate Judge